# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI ROTH,<br><br>    Plaintiff,<br><br>v.<br><br>PTGMB LLC,<br><br>    Defendant. | Case No. 1: 20-cv-00231-SAB<br><br>**SCHEDULING ORDER (Fed. R. Civ. P 16)**<br><br>**Class Certification Deadline:**<br>    Motion Filing: January 15, 2021<br><br>**Discovery Deadlines:**<br>    Non-Expert Discovery: November 1, 2020<br>    Expert Disclosure: October 1, 2020<br>    Supp. Expert Disclosure: November 1, 2020<br>    Expert Discovery: December 1, 2020 |

### I.  Date of Scheduling Conference

The Scheduling Conference was held on **May 1, 2020**.

### II.  Appearances of Counsel

Manuel Hiraldo and Ignacio Hiraldo telephonically appeared on behalf of Plaintiff.

Harrison Brown and Ana Tagvoryan telephonically appeared on behalf of Defendant.

### III.  Consent to Magistrate Judge

The parties have consented to the jurisdiction of the magistrate judge and this matter has been reassigned to the undersigned for all purposes.

### IV.  Initial Disclosure under Fed. R. Civ. P. 26(a)(1)

The parties exchanged the initial disclosures required by Fed. R. Civ. P. 26(a)(1) prior to the scheduling conference.

1

## V. **Amendments to Pleading**

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than **June 30, 2020.** The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962).

## VI. **Class Certification**

Defendant seeks to have this matter bifurcated with the first phase addressing only whether Plaintiff consented to being contacted and whether the ringless voicemail is a call under the Telephone Consumer Protection Act ("the Act"). Plaintiff asserts that bifurcated or phased discovery will only prolong the litigation, increase expenses, waste judicial resources and duplicate discovery.

If the Court were to bifurcate discovery as requested by Defendant it would result in multiple phases and multiple motions filed before the Court. The Court finds that bifurcating the matter into two phases, with the first phase addressing class certification is the most efficient manner for this matter to be litigated. The Court declines to bifurcate this case on the matter of Plaintiff's consent and whether the ringless voice mail is a call under the Act.

"The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." Ahmed v. HSBC Bank USA, Nat'l Ass'n, No. EDCV152057FMOSPX, 2018 WL 501413, at *4 (C.D. Cal. Jan. 5, 2018); see also Mbazomo v. ETourandTravel, Inc., No. 2:16-CV-02229-SB, 2017 WL 2346981, at *2 (E.D. Cal. May 30, 2017) (quoting Doherty v. Comenity Capital Bank & Comenity Bank, No. 16CV1321-H-BGS, 2017 WL 1885677, at *3 (S.D. Cal. May 9, 2017) (precertification discovery in a class action "lies entirely within the court's discretion.").

1  "Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class. Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 359 (1978))  "Although discovery on the merits is usually deferred until it is certain that the case will proceed as a class action, the merits/certification distinction is not always clear." Gusman, 298 F.R.D. at 595.  The facts that are relevant to determining whether a class should be certified frequently will overlap with the merits of the case.  Gusman, 298 F.R.D. at 595; see Wal–Mart Stores Inc. v. Dukes, 564 U.S. 338, 350-52 (2011) (explaining that often the "rigorous analysis" under Rule 23(a) "will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped.").

To the extent that Plaintiff argues that merits discovery will over lap with class discovery, this Court shall adopt a flexible approach to discovery recognizing this over lap between class and merits discovery.  Should a disagreement arise regarding the discovery requested in this first phase, the parties are directed to this Court's informal discovery procedures on the Court's website (see below).

To the extent that Defendant seeks to adjudicate the issue of liability, Defendant is not precluded from doing so at an early stage of the proceedings.  The issues regarding consent and whether the technology used in this instance are both issues that are appropriate to investigate during this first phase.  Defendant is free to seek discovery on the limited issues it believes will result in a prompt resolution of the case and make the appropriate motion at the earliest juncture it chooses.  Charvat v. Plymouth Rock Energy, LLC, No. 15CV4106JMASIL, 2016 WL 207677, at *3 (E.D.N.Y. Jan. 12, 2016).

This first phase shall relate to class certification.  Any motions for class certification shall be filed on or before **January 15, 2021.**

### VII.   Discovery Plan and Cut-Off Dates

The parties are ordered to complete all non-expert discovery on or before **November 1, 2020** and all expert discovery on or before **December 1, 2020**.

The parties are directed to disclose all expert witnesses, in writing, on or before **October 1, 2020** and to disclose all supplemental experts on or before **November 1, 2020**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through the experts that are not properly disclosed in compliance with this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and the exclusion of their testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**VIII.   Pre-Trial Motion Schedule**

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all

moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

### A.  Non-Dispositive Pre-Trial Motions

As noted, all non-expert discovery, including motions to compel, shall be completed no later than **November 1, 2020.**  All expert discovery, including motions to compel, shall be completed no later than **December 1, 2020**. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before United States Magistrate Judge Stanley A. Boone in Courtroom 9.

In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

*Discovery Disputes:*  If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and

confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

### B. Dispositive Pre-Trial Motions

*Motions for Summary Judgment or Summary Adjudication:* Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts. **In addition to the requirements of Local Rule 260, the moving party shall file a <u>Joint Statement of Undisputed Facts</u>.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

### IX. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before

United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein.

### X.   Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated:  **May 6, 2020**

UNITED STATES MAGISTRATE JUDGE