1  BLANK ROME LLP
   Ana Tagvoryan (SBN 246536)
2  atagvoryan@blankrome.com
   Harrison Brown (SBN 291503)
3  hbrown@blankrome.com
   Dustin Moaven (SBN 320939)
4  dmoaven@blankrome.com
   2029 Century Park East | 6th Floor
5  Los Angeles, CA 90067
   Telephone:     424.239.3400
6  Facsimile:     424.239.3434

7  Attorneys for Defendant
   PTGMB LLC

8

9            **UNITED STATES DISTRICT COURT**

10          **EASTERN DISTRICT OF CALIFORNIA**

11

12  KELLI ROTH, individually and on behalf of all      Case No. 1:20-cv-00231-SAB
    others similarly situated,
13                                                      ORDER RE STIPULATION
                         Plaintiff,                     CONCERNING PROTOCOL FOR
14                                                      CONDUCTING REMOTE DEPOSITIONS
           v.
15                                                      (ECF No. 34)
    PTGMB LLC D/B/A MERCEDES-BENZ OF
16  FRESNO, a California limited liability company,

17                       Defendant.

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

Plaintiff Kelli Roth ("Plaintiff") and Defendant PTGMB LLC d/b/a Mercedes-Benz of Fresno ("Defendant") jointly stipulate to the following protocol for conducting depositions via remote means in the above-captioned matter:

1.      All depositions shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded.

2.      The Parties agree to use Esquire Deposition Solutions ("Esquire") for court reporting, videoconference and remote deposition services. The Parties agree that an Esquire employee may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3.      The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on the sole basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4.      The deposer, deponent and court reporter will each participate in the videoconference deposition remotely and separately. Counsel for the deponent may participate remotely if they so choose. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

5.      No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while the deposition is pending. The deponent shall not communicate with anyone by text, instant message, email or any other electronic means while on the record during the deposition. The deponent shall not have any documents out of the view of the camera during the deposition, other than exhibits provided in accordance with paragraph 17 herein. A video visual of the room where the deposition is taken will be visible to the Parties upon request.

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

6. During breaks in the deposition, the Parties may use the breakout room feature provided by Esquire, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by Esquire prior to the deposition and controlled by Esquire.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. Esquire will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the Parties and the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall provide Esquire with a copy of this Stipulation and Order at least twenty-four hours in advance of the deposition.

11. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Esquire employee responsible for video-recording the deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

12.     At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Esquire employee responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

13.     The Parties agree to work collaboratively and in good faith with Esquire to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

14.     Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have. Every deponent shall participate in any necessary test runs to confirm the functionality of their technology.

15.     The Parties agree that this Stipulation and Order may apply to remote depositions of non-parties under Rule 45.   The Party noticing any third-party deposition shall provide this Stipulation and Order to the non-party or counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

16.     The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

a.     Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm PST the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

b.   Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm PST the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

c.   Counsel may introduce exhibits electronically during the deposition, by using Esquire's document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

17.     All deponents receiving documents before or during a deposition, pursuant to Paragraph 17 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner.

18.     Counsel for the Parties may keep any document or exhibit used during the deposition, consistent with the Stipulated Protective Order entered in this case. Counsel for the Parties shall return any documents not used during the deposition to the counsel who sent them originally, within two business days following the completion of the deposition, or shall destroy them, and shall not retain them in any manner.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 10, 2020          EISENBAND LAW, P.A


By:  _/s/ Scott Edelsberg_____
Scott Edelsberg
Attorney for Plaintiff
KELLI ROTH

DATED:  September 10, 2020          BLANK ROME LLP


By:  _/s/ Ana Tagvoryan_____
Ana Tagvoryan
Harrison Brown
Dustin Moaven
Attorneys for Defendant
PTGMB LLC


## Local Rule 131(e)

I certify that approval of the filing of this document has been obtained from each of the other counsel-signatories and that each of the other counsel-signatories have authorized submission of this document on their behalf.


By:  _/s/ Harrison Brown_____
Harrison Brown

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>ORDER</u>**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that the stipulation concerning the protocol for conducting remote depositions is entered.

IT IS SO ORDERED.

Dated:   **<u>September 10, 2020</u>**

_____
UNITED STATES MAGISTRATE JUDGE

**STIPULATION AND [PROPOSED] ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**