# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI ROTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PTGMB LLC,<br><br>　　　　　Defendant. | Case No. 1:20-cv-00231-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S APPLICATION FOR AN ORDER TO COMPEL PRODUCTION OF DOCUMENTS<br><br>(ECF No. 37, 39) |

## I.

## BACKGROUND

Kelli Roth ("Plaintiff") filed this action individually and behalf of all others similarly situated pursuant to the Telephone Consumer Protection Act ("TCPA" or "the Act"), 47 U.S.C. § 227 et seq. The complaint alleges that beginning around August 6, 2019, Defendant caused multiple prerecorded messages to be sent to Plaintiff's cell phone ending in 8410. (Compl., ¶ 23, ECF No. 1.) When Plaintiff did not answer her phone, the prerecorded messages were delivered to her voice mail. (Compl., ¶ 24.) Plaintiff did not provide Defendant with her express consent to be contacted with a prerecorded call. (Compl., ¶ 31.) Defendant filed an answer to the complaint on April 7, 2020. (ECF No. 13.)

On May 6, 2020, a scheduling order was filed in this action establishing the deadline to file a motion for class certification as January 15, 2021. (ECF No. 22.) On June 12, 2020,

1  Defendant filed a motion to stay which was withdrawn on July 7, 2020.  (ECF Nos. 23, 32.)

2        On September 9, 2020, an informal discovery dispute was scheduled for September 14,
3  2020.  (ECF No. 33.)  On September 10, 2020, a stipulation concerning protocol for conducting
4  remote depositions was filed and the informal discovery dispute hearing was vacated at counsel's
5  request.  (ECF Nos. 34, 36.)

6        On September 29, 2020, Defendant PTGMB LLC filed an ex parte application for an
7  order to compel production of documents.  (ECF No. 37.)   Plaintiff was ordered to file an
8  opposition to the application.  (ECF No. 38.)  On this same date, Plaintiff filed response to the ex
9  parte application.  (ECF No. 39.)

## II.

## LEGAL STANDARD

12        Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery
13  "regarding any nonprivileged matter that is relevant to any party's claim or defense and
14  proportional to the needs of the case, considering the importance of the issues at stake in the
15  action, the amount in controversy, the parties' relative access to relevant information, the parties'
16  resources, the importance of the discovery in resolving the issues, and whether the burden or
17  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).
18  "Information within this scope of discovery need not be admissible in evidence to be
19  discoverable." Fed. R. Civ. P. 26(b)(1).  "Evidence is relevant if: (a) it has any tendency to make
20  a fact more or less probable than it would be without the evidence; and (b) the fact is of
21  consequence in determining the action." Fed. R. Evid. 401.

22        Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any
23  other party a request for production of any tangible thing within the party's possession, custody,
24  and control that is within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a)(1).  "For each item or
25  category, the response must either state that inspection and related activities will be permitted as
26  requested or state with specificity the grounds for objecting to the request, including the
27  reasons." Fed. R. Civ. P. 34(b)(2)(B).

28        Rule 37 of the Federal Rules of Civil Procedure provides that a party may move for an

order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" where "(i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). The party opposing the discovery bears the burden of resisting disclosure. Bryant v. Armstrong, 285 F.R.D. 596, 600 (S.D. Cal. 2012).

If the motion is granted or the disclosure or requested discovery is provided after the filing of the motion, the court must order the offending party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

### III.

### DISCUSSION

Defendant asserts that Plaintiff has failed to produce complete and unredacted phone records, including call logs, and has not produced all responsive documents or communications related to her visits to, phone calls with, and emails with Mercedes Benz of Fresno which indisputably occurred during the relevant time period. Defendant contends that it will suffer irreparable prejudice if the documents are not produced so that Plaintiff can be questioned about them during her deposition. Defendant contends that Plaintiff knowingly released her phone number twice and that it did not place a call to Plaintiff, but a ringless voice message was left through a third party and no call was ever placed to Plaintiff's cellphone. By the instant application, Defendant seeks to compel Plaintiff to produce further responses to request for production nos. 1, 5, 6, 7, 8, and 9.[1]

---

[1] Although Defendant's motion states that further responses are sought for request for production no. 2, there is no argument presented as to request for production no. 2.

1    Plaintiff counters that Defendant has filed an improper motion to compel and
2 misconstrues the events that took place to make it appear that Plaintiff has refused to meet and
3 confer or work with Defendant.  Plaintiff contends that there is no reason to address this motion
4 and Defendant should just reschedule her deposition.

5    The Court finds that Defendant has demonstrated good cause have this issue decided on
6 shortened time given the meet and confer attempts and that Plaintiff's deposition is scheduled for
7 October 1, 2020.  For the reasons discussed below, Defendant's application for an order to
8 compel production of documents shall be granted in part and denied in part.

### A.   REQUEST FOR PRODUCTION NO. 1

Defendant's request for production no. 1 seeks "All DOCUMENTS and COMMUNICATIONS evidencing and relating to any call(s) that YOU allegedly received from MB OF FRESNO or VENDORS and which YOU contend violate the TCPA, including phone records." (ECF No. 37 at 16.[2])

Plaintiff's September 10, 2020 response to request for production no. 1 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy.  Defendant does not require all documents and communications to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act.  Subject to and notwithstanding, the objection, Plaintiff will produce documents to show that she is the subscriber of the 8410 Number.

Id.

Defendant's September 11, 2011 meet and confer email stated:

> Ms. Roth provides a series of objections, followed by a response "[s]ubject to" those objections.  This contradictory format leaves MB of Fresno uncertain as to whether the request has been fully answered, whether the response relates only to the request as unilaterally narrowed by Ms. Roth, and whether Ms. Roth is withholding any responsive materials based on any objection. Please clarify.
>
> This request is not limited to documents which demonstrate that Ms. Roth is the subscriber of the 8410 Number.  It expressly includes phone records.  In her response to Interrogatory No. 1, Ms. Roth writes: "Based on the documents provided by Think Automotive Marketing, Inc. I successfully received calls on 8/6/2019, 8/12/2019, 9/28/2019, 10/4/2019 and 10/24/2019 to my cellular

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1
2
3
    telephone number which is 559-900-8410.  The calls came from 559-258-1330.  Additional calls were made to me on 9/15/2019, 9/19/2019 and 12/26/2019."  Please produce Ms. Roth's phone records corresponding for the months these calls were purportedly made.  If Ms. Roth also has call detail records, please produce them as well.

4 (Id. at 27.)

5     Plaintiff's response to the first paragraph states, "The response has been fully answered."

6 (Id.)  Plaintiff's response to the second paragraph states, "We are in the process of obtaining

7 phone records and will produce those once they are received.  Based on my experience in these

8 cases, the calls will not be identified in the call logs."  (Id.)

9     Defendant's September 21, 2020 meet and confer letter states in relevant part,

10
11
12
13
    On September 11, 2020, Ms. Roth produced documents.  Plaintiff0001-Plaintiff0034 appear to be Ms. Roth's AT&T phone bills.  However, these bills only show the amounts charged by AT&T to Ms. Roth and do not include any phone calls.  Plaintiff0043-Plaintiff0081 appear to be call logs.  However, these documents are heavily redacted, such that MB of Fresno cannot be certain what these documents are.  Moreover, these documents do not include a call from 559-258-1330, the number that Ms. Roth alleges called her.

14
15
16
    Please produce Plaintiff0043-Plaintiff0081 in their unredacted form so that we may fully evaluate the documents.  As you know there is a stipulated protective order in this case.  If Ms. Roth wishes to protect any information in these documents, she can apply a confidential designation pursuant to the protective order.

17
18
    If Ms. Roth does not have any document from her phone carrier which evidences a call from 559-258-1330, Ms. Roth should revise this response and clarify that she has no documents responsive to the request.

19 (Id. at 38-39.)

20     Plaintiff's amended response to request for production no. 1 states,

21
22
23
24
    Plaintiff objects to this request to the extent that Defendant seeks unredacted call logs on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy.  Plaintiff has already produced all call records during the relevant time periods which show all incoming calls to the 8410 Number and a screenshot of the missed call Plaintiff received when Defendant left her a prerecorded voicemail message.

(Id. at 55.)

25
26
27
28
    Defendant contends that despite Plaintiff's assertion that all responsive documents have been produced, the call records are so heavily redacted that it is impossible to tell that they are in fact call logs of her 8410 phone number.  Defendant contends that the headings and nearly every

5

1  line in each document is redacted such that even if it was assumed that these are the call records
2  Defendant cannot determine which calls are incoming and which are outgoing. Defendant
3  argues that Plaintiff should be required to produce the unredacted call records in their original
4  form so that Defendant can adequately test Plaintiff's allegations. Defendant asserts that there is
5  a protective order in this action which addresses any confidentiality of the documents.
6  Defendant argues this entire action revolves around the allegation that Plaintiff received calls
7  from Mercedes Benz of Fresno, yet she refuses to provide the unredacted documents to support
8  her assertion.

9  **Ruling:** Plaintiff asserts in her complaint that she received calls to her cellular phone
10 which when not answered went to her voicemail. Accordingly, the call records at issue are
11 relevant to show whether or not such calls were made. (Compl., ¶ 24.)

12 Plaintiff raises an objection on the ground of privacy, but courts have held that the
13 disclosure of names and phone numbers does not constitute a serious invasion of privacy.
14 Thrasher v. CMRE Fin. Servs., Inc., No. 14-CV-1540 BEN NLS, 2015 WL 1138469, at *3 (S.D.
15 Cal. Mar. 13, 2015); see also In re Broiler Chicken Antitrust Litig., No. 1:16-CV-08637, 2017
16 WL 6569720, at *2 (N.D. Ill. Dec. 22, 2017) ("The phone numbers dialed from or received by a
17 phone typically are not the type of sensitive information that must be redacted before records are
18 produced to the other side."). Further, as Defendant points out there is a protective order in place
19 in this matter which can adequately address any privacy concerns regarding the disclosure of the
20 phone numbers disclosed on Plaintiff's phone bill.

21 Plaintiff counters that this motion was unnecessary as she produced the unredacted call
22 logs on September 30, 2020 at 8:55 a.m. However, the Court notes that the unredacted logs were
23 not produced until after the instant motion was filed. Based on the evidence included in the
24 instant motion, Plaintiff refused to produce the unredacted call logs until after this motion was
25 filed. Accordingly, the Court finds that Defendant did not file this motion unnecessarily. Nor is
26 the Court persuaded by Plaintiff's argument that Defendant was not meeting and conferring in
27 good faith. The evidence shows that Defendant has been consistently asserting the position that
28 the requested discovery was relevant and must be produced since September 11, 2020, and

1 Plaintiff was refusing to supplement the production by producing the unredacted records.

2 Although Plaintiff states that the unredacted call logs have been produced, she takes the position that the phone records do not identify when the voicemails were received. Having found that the cellphone records are relevant and Plaintiff's objections to the discovery are not persuasive, Defendant's request to compel further response to request to production no. 1 is granted and Plaintiff shall produce the unredacted cellphone records.

### B.  REQUEST FOR PRODUCTION NOS. 5 AND 6

Defendant's request for production no. 5 seeks "ALL DOCUMENTS and COMMUNICATIONS related to YOUR use of the Kelley Blue Book Co. ("KBB") valuation tool on the Autotrader, Inc. ("Autotrader") website on approximately June 23, 2016, including but not limited to: internet browsing history and cookies; screenshots, printouts, or notes which YOU made; the KBB report generated as a result of YOUR inquiry; email confirmations which YOU received from Autotrader, KBB, or any other person or entity; and correspondence with any person or entity related to the valuation." (ECF No. 37 at 18.)

Plaintiff's September 10, 2020 response to request for production no. 5 states,

> Plaintiff objects to this request on the grounds that it is overbroad and not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to KBB or Autotrader to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense. Subject to and notwithstanding the objection, Plaintiff will produce documents in her possession.

(Id.)

Defendant's September 21, 2020 meet and confer letter states in relevant part,

> Ms. Roth's response includes objections and is then made "[s]ubject to" or notwithstanding" those objections. This contradictory format leaves MB of Fresno uncertain as to whether Ms. Roth has fully answered the request, whether the response relates only to the request as unilaterally narrowed by Ms. Roth, and whether Ms. Roth is withholding any responsive materials based on any objection. Ms. Roth must provide a further response which clarifies whether any such materials are being withheld.
>
> Documents and communications relating to Ms. Roth's use of the Autotrader website are relevant to the issue of prior express consent. Ms. Roth's document production did not include any documents or communications relating to her use

of the Autotrader website.  Please produce the documents and communications which you indicated you would produce.

(Id. at 41.)

Plaintiff's amended response to request for production no. 5 states,

> Plaintiff objects to this request on the grounds that it is overbroad and not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy.  Defendant does not require all documents and communications related to KBB or Autotrader to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act.  Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.  Subject to and notwithstanding the objection, Plaintiff has no responsive documents to produce.

(Id. at 57.)

Defendant's request for production no. 6 seeks "ALL COMMUNICATIONS with Autotrader during the relevant time period."  (Id. at 18.)

Plaintiff's September 10, 2020 response to request for production no. 6 states,

> Plaintiff objects to this request on the grounds that it is overbroad not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy.  Defendant does not require all communications with Autotrader to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act.  Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense.  Subject to and notwithstanding the objection, Plaintiff will produce documents in her possession.

(Id.)

Defendant's September 21, 2020 meet and confer letter states in relevant part,

> Ms. Roth's response includes objections and is then made "[s]ubject to" or "notwithstanding" those objections.  This contradictory format leaves MB of Fresno uncertain as to whether Ms. Roth has fully answered the request, whether the response relates only to the request as unilaterally narrowed by Ms. Roth, and whether Ms. Roth is withholding any responsive materials based on any objection.  Ms. Roth must provide a further response which clarifies whether any such materials are being withheld.
>
> Communications with Autotrader are relevant to the issue of prior express consent.  Ms. Roth's document production did not include any communications with Autotrader.  Please produce the communications which you indicated you would produce.

(Id. at 42.)

Plaintiff's amended response to request for production no. 6 states,

> Plaintiff objects to this request on the grounds that it is overbroad not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all communications with Autotrader to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff further objects because the request seeks information which is neither relevant to any party's claim or defense. Subject to and notwithstanding the objection, Plaintiff has no responsive documents to produce.

(Id. at 57.)

Defendant argues that Plaintiff requested a Kelley Blue Book valuation of her vehicle through the Autotrader website and provided her personal information, including her phone number, so that local dealers or other interested parties could contact her about buying the vehicle. Defendant contends that Plaintiff originally stated that she would produce all documents in her possession, but his now asserting that there are no responsive documents. Defendants argue that Plaintiff has not provided any explanation of why she no longer has responsive documents, and that it seems implausible that she does not have email from the Autotrader website or browsing history that should have been produced. Defendant contends that if Plaintiff asserts that there are no responsive documents, then she should be required to produce the device that she used to access the internet in June 2016 for analysis by an independent forensic expert at Plaintiff's expense.

Plaintiff counters that at the time of her initial response, she was unaware whether she had responsive documents and after a search no documents were found. Plaintiff states that she has no relevant documents in her possession and does not remember visiting the Autotrader website in 2016 but admits that it remains a possibility.

Ruling: The TCPA provides that is "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . . . 47 U.S.C. § 227(b)(1). The defendant bears the burden of proving prior express consent to call the number at issue. Grant v. Capital Mgmt. Servs., L.P., 449 F. App'x 598, 600, n.2 (9th Cir. 2011);[3] Gossett v. CMRE Fin. Servs., 142 F.Supp.3d 1083, 1088 (S.D.

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

Cal. 2015). Accordingly, the documents requested are relevant to Defendant's affirmative defense of consent.

Here, Plaintiff has responded that no responsive documents exist. The "court cannot compel a party to produce documents that do not exist and a mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel. K.C.R. v. Cty. of Los Angeles, No. CV 13-3806 PSG (SSX), 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014). To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." K.C.R., 2014 WL 12725470, at *8.

Defendant requests that Plaintiff be required to produce the device used in 2016 to access the internet for forensic analysis by an independent forensic expert at her expense. However, the calls at issue here are alleged to have occurred in August 2019 and the Court finds that, given the passage of the time, the request for forensic analysis of the device is not proportional to the needs of the case and the expense of the proposed discovery outweighs any potential benefit.[4]

Defendant has not made a particularized showing that responsive documents exist and the motion to compel further production of request for production nos. 5 and 6 is denied.

**C.      REQUEST FOR PRODUCTION NO. 7**

Defendant's request for production no. 7 seeks "ALL DOCUMENTS and COMMUNICATIONS related to YOUR phone conversation with MB OF FRESNO on or about June 26, 2016." (ECF No. 37 at 19.)

Plaintiff's September 10, 2020 response to request for production no. 7 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to Plaintiff's phone conversation with MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff also objects to the extent this request seeks communications or documents protected by attorney-client or work-product privileges.

---

[4] The Court does not consider whether the requested discovery would be granted were Defendant willing to bear the expense of the forensic analysis.

1 (Id.)

2 Defendant's September 21, 2020 meet and confer letter states in relevant part,

> As you know, it is MB of Fresno's contention that Ms. Roth provided her phone number to MB of Fresno for the first time on or about June 23, 2016. Documents and communications relating to a follow-up call just three days later are indisputably relevant. Among other things, they may confirm MB of Fresno's contention and provide information regarding the scope of consent. Please produce all documents and communications, or clarify that there are none.
>
> If Ms. Roth is withholding any documents and communications on the basis of privilege, please produce a privilege log.

(Id. at 43.)

Plaintiff's amended response to request for production no. 7 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to Plaintiff's phone conversation with MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff also objects to the extent this request seeks communications or documents protected by attorney-client or work-product privileges. Subject to and notwithstanding the objection, Plaintiff has no responsive documents to produce.

(Id. at 58.)

Defendant argues that just three days after her inquiry with Autotrader, Plaintiff was contacted by Mercedes Benz of Fresno regarding her trade-in inquiry. Defendant contends that information about this call is probative of her interest in transacting with the dealership. Defendant contends that at the very least Plaintiff has access to phone records from June 2016 through her service provider.

Plaintiff counters that Defendant has access to the records showing that it made the phone call in June 2016. Plaintiff contends that she does not have call logs from 2016 and that the call in 2016 is unrelated to the claims in this action that Defendant sent spam prerecorded messages to Plaintiff in 2019.

Ruling: Plaintiff has asserted that she does not have any responsive documents. Defendant contends that Plaintiff can obtain call records from 2016. However, as Plaintiff points out, the call in 2016 was made by Defendant. Therefore Defendant is able to obtain call records regarding this call from its service provider. Further, given the amount of time between the 2016

call and the calls alleged in this action, the discovery is not proportional to the needs of the case. Defendant has not presented a colorable argument that Plaintiff has responsive documents that are being withheld.

Defendant's request to compel further production for request for production no. 7 is denied.

### D.     REQUEST FOR PRODUCTION NOS. 8 AND 9

Defendant's request for production no. 8 seeks "ALL DOCUMENTS and COMMUNICATIONS related to any in-person visit by YOU to MB OF FRESNO's dealership, including the visit on or about March 18, 2017." (Id. at 19.)

Plaintiff's September 10, 2020 response to request for production no. 8 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to any in person visit by Plaintiff to MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff also objects to the extent this request seeks communications or documents protected by attorney-client or work product privileges.

(Id.)

Defendant's September 21, 2020 meet and confer letter states in relevant part,

> As you know, it is MB of Fresno's contention that Ms. Roth provided her phone number to MB of Fresno a second time during her in-person visit to the dealership on or about March 18, 2017. Documents and communications relating to this visit are indisputably relevant. Please produce all documents and communications, or clarify that there are none.
>
> If Ms. Roth is withholding any documents and communications on the basis of privilege, please produce a privilege log.

(Id. at 43.)

Plaintiff's amended response to request for production no. 8 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to any in person visit by Plaintiff to MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff also objects to the extent this request seeks documents which are confidential. Subject to and notwithstanding the objection, Plaintiff has no responsive documents which are not subject to a confidentiality agreement which prevents their production.

(Id. at 58.)

Defendant's request for production no. 9 seeks "ALL DOCUMENTS and COMMUNICATIONS related to YOUR email conversation with MB OF FRESNO on or about March 20, 2017." (ECF No. 37 at 19.)

Plaintiff's September 10, 2020 response to request for production no. 9 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to any email conversation between Plaintiff to MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff further objects as any email communications between Plaintiff and MB OF FRESNO are in the possession of Defendant and it is burdensome for Plaintiff to have to produce documents or communications that Defendant is already in possession of. Plaintiff also objects to the extent this request seeks communications or documents protected by attorney-client or work-product privileges.

(Id. at 20.)

Defendant's September 21, 2020 meet and confer letter states in relevant part,

> As you know, it is MB of Fresno's contention that Ms. Roth provided her phone number to MB of Fresno a second time during her in-person visit to the dealership on or about March 18, 2017. Documents and communications relating to a follow-up email just two days later are indisputably relevant. Among other things, they may confirm MB of Fresno's contention and provide information regarding the scope of consent. Please produce all documents and communications, or clarify that there are none.
>
> If Ms. Roth is withholding any documents and communications on the basis of privilege, please produce a privilege log.

(Id. at 44.)

Plaintiff's amended response to request for production no. 9 states,

> Plaintiff objects to this request on the grounds that it not relevant or proportional to the needs of the case and is an apparent attempt to harass Plaintiff and invade her privacy. Defendant does not require all documents and communications related to any email conversation between Plaintiff to MB OF FRESNO to determine whether or not Defendant sent Plaintiff prerecorded messages in contravention of the Telephone Consumer Protection Act. Plaintiff further objects as any email communications between Plaintiff and MB OF FRESNO are in the possession of Defendant and it is burdensome for Plaintiff to have to produce documents or communications that Defendant is already in possession of. Plaintiff also objects to the extent this request seeks documents which are confidential. Subject to and notwithstanding the objection, Plaintiff has no responsive documents which are not subject to a confidentiality agreement which prevents their production.

(Id. at 59.)

Defendant argues that it has requested more information on the confidentiality agreement and Plaintiff has provided no facts or information that would allow Defendant to evaluate the confidentiality objection. Defendant contends that on September 29, 2020, Plaintiff stated that if she did not receive permission to disclose the confidentiality agreement a motion to compel would be required to be filed. Defendant contends that with Plaintiff's deposition set for October 1, 2020, the court should enter an order compelling production of the documents in unredacted form.

Plaintiff replies that there are responsive documents that are the subject of a confidentiality agreement with a third party and that the third party has been contacted but no response has been received. Plaintiff states that a court order will insulate her from liability for breach of the confidentiality agreement. Plaintiff requests that the court review the confidentiality agreement in camera to determine if it should be produced.

Ruling:  Here, Plaintiff has been aware of the need to obtain the release by the third party in relation to the confidentiality agreement since the requests for production were served. Plaintiff has not provided any evidence of when the third party was contacted or why this issue was not raised prior to the amended responses on September 25, 2020, especially with Plaintiff's deposition being scheduled for October 1, 2020.

Further, "[c]onfidentiality agreements do not bar discovery, and a general interest in protecting confidentiality does not equate to privilege." LifeGoals Corp. v. Advanced Hair Restoration LLC, No. C16-1733JLR, 2017 WL 6516042, at *3 (W.D. Wash. Dec. 19, 2017) (quoting In re. Application of O'keeffe, No. 2:14-cv-01518-RFB-CWH, 2016 WL 2711691, at *4 (D. Nev. Apr. 4, 2016)). Therefore, the objection on the ground that the document is subject to a confidentiality agreement "is not a valid basis for withholding discovery," and the documents sought "are not shielded from disclosure merely because they have been designated as 'confidential' in an agreement." LifeGoals Corp., 2017 WL 6516042 at *3 (quoting In re. Application of O'keeffe, 2016 WL 2711691, at *4) (collecting cases).)

Accordingly, Plaintiff's objection on the ground of confidentiality is overruled

Defendant's request to compel further response to request for production nos. 8 and 9 is granted and Plaintiff shall produce the responsive documents.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's ex parte application for an order to compel production of documents is GRANTED IN PART AND DENIED IN PART as follows:

    a. Defendant's request to compel further responses to request for production nos. 1, 8, and 9 are GRANTED;

    b. Defendant's request to compel further responses to request for production nos. 5, 6, and 7 are DENIED; and

2. Plaintiff shall produce responsive documents prior to the October 1, 2020 deposition.

IT IS SO ORDERED.

Dated: **September 30, 2020**

UNITED STATES MAGISTRATE JUDGE